# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAJUAN SAUNDERS, | : | Civil No. 1:22-CV-00819 |
| Petitioner, | : | |
| v. | : | |
| SUPERINTENDENT THOMAS MCGINLEY, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Respondents' motion to lift the stay in this matter and dismiss the petition. (Doc. 15.) Petitioner was ordered to notify the court within thirty days of the conclusion of state court proceedings. It has been over one year since Petitioner's state court proceedings concluded, and he has yet to notify the court. Therefore, the court will lift the stay in this action *nunc pro tunc* and dismiss the petition as moot.

### PROCEDURAL HISTORY

DaJuan Saunders ("Petitioner") is a self-represented litigant who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his state court judgment on May 24, 2022. (Doc. 1.) At the time of filing, Petitioner was held at the State Correctional Institution in Coal Township,

1

Pennsylvania (SCI-Coal Township).[1]  (Doc. 1, p. 1.)[2]  Petitioner states that he pleaded guilty to simple assault in the Lackawanna County Court of Common Pleas in October of 2019.  (*Id.*, pp. 1, 3.)

At the time the petition was filed, the court determined that Petitioner had two unaddressed petitions in state court filed under the Pennsylvania Post Conviction Relief Act ("PCRA").  (Doc. 14.)  Therefore, on August 29, 2022, this court stayed the pending case to allow Petitioner to conclude the state court proceedings prior to addressing the pending Section 2254 petition.  (*Id.*)  As a part of that order, Petitioner was instructed to notify the court within thirty days of the conclusion of the state court proceedings, and if he failed to notify the court, the stay would be vacated *nunc pro tunc*.  (*Id.*, p. 5.)

On June 6, 2025, Respondents filed a motion to lift the stay, alleging that Petitioner's state court proceedings had concluded in July of 2024 and he had not notified the court.  (Docs. 15, 16.)  Respondents are requesting that the August 29, 2022 order be vacated *nunc pro tunc* and the petition be dismissed.  (*Id.*)

A review of the dockets available for Case No. CP-35-CR-0001453-2019 and Case No. 1732 MDA 2022 at hppts://ujsportal.pascourts.us/CaseSearch,

---

[1] Petitioner's location is currently unknown as he cannot be found using the Pennsylvania Parole Board's Inmate/Department Supervised Individual Locator at https://inmatelocator.cor.pa.gov/#/.

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

2

demonstrate that the denial of Petitioner's final PCRA petition was affirmed on July 1, 2024 by the Superior Court after he was released from custody. In the 14 months since the PCRA petition's denial was affirmed by the Superior Court, Petitioner has not appealed the Superior Court's order or notified this court that the pending proceedings in state court have been fully adjudicated.

## Discussion

Because Petitioner has not timely notified the court of the conclusion of the state court proceedings, this court will vacate the court's August 29, 2022 order staying the case *nunc pro tunc*. See *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004).

With the stay no longer in place, the court will dismiss the petition since Petitioner has been released from custody. "Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See *id*. (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting *Lewis v. Cont'l Bank*

3

*Corp.*, 494 U.S. 472, 477 (1990)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  *See id.* (citing *DeFoy*, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction," *see id*. (citations omitted), or sentence, *see Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009).  Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served."  *See id*. (citing *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the court does "not presume that a conviction carries collateral consequences."  *See Abreu*, 971 F.3d at 406 (citing *Burkey*, 556 F.3d at 148).  Instead, the court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'"  *See id*. (quoting *Burkey*, 556 F.3d at 148).  For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'"  *See id*. (quoting *Burkey*, 556 F.3d at 148).

4

Typically, the court would grant Petitioner an opportunity to demonstrate that he continues to suffer from secondary or collateral consequences of his sentence. However, the court deems such an opportunity unnecessary for Petitioner. The Superior Court's determination in affirming the PCRA petition's denial was that he was no longer in custody, thus, rendering the appeal moot. In the 14 months since that determination, Petition has taken no action to seek relief from any potential secondary or collateral consequents of his sentence. Therefore, this court will likewise dismiss the Section 2254 petition as moot.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will be issued.

## CONCLUSION

Accordingly, for the reasons set forth above, Respondents' motion to lift the stay will be granted, the court's order entering the stay will be vacated *nunc pro tunc*, and Petitioner's Section 2254 petition will be dismissed without prejudice as moot. The case will be closed.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: October 1, 2025